UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAWN E. MAHAFFEY,<br><br>                         Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                         Defendant. | Case No. 3:14-cv-05242-KLS<br><br>ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's partial denial of plaintiff's applications for disability insurance, supplemental security income ("SSI"), and disabled widow's benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits should be affirmed.

FACTUAL AND PROCEDURAL HISTORY

On March 1, 2011, plaintiff filed an application for disability insurance benefits. *See* Dkt.11, Administrative Record ("AR") 15. Plaintiff filed an application for disabled widow's benefits on May 10, 2011, and filed an application for SSI on April 25, 2011. *Id*. In all applications, Plaintiff alleges she became disabled beginning March 30, 2010, due to PTSD, bipolar disorder, chronic major depression, COPD, fibromyalgia, degenerative disc disease,

ORDER - 1

degenerative joint disease, chronic vertigo, spinal scoliosis, and osteopenia. *See* AR 15, 288. The applications were denied upon initial administrative review on July 6, 2011 and on reconsideration on September 19, 2011. *See* AR 183-86, 187-90, 195-99, 200-06, 208-12.  A hearing was held before an administrative law judge ("ALJ") on September 7, 2012, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. *See* AR 15, 40-78.

In a decision dated November 16, 2012, the ALJ issued a partially favorable decision, finding plaintiff disabled as of April 21, 2012. *See* AR 15-31.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on January 22, 2014, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1-4; 20 C.F.R. § 404.981, § 416.1481. On March 21, 2014, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 1.  The administrative record was filed with the Court on July 14, 2014. *See* Dkt. 11.  The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits prior to April 21, 2012 should be reversed and remanded for an award of benefits, or in the alternative for further proceedings, because the ALJ erred: (1) in evaluating the medical evidence in the record; (2) in discounting plaintiff's credibility; (3) in assessing plaintiff's residual functional capacity; and (4) in failing to include all of plaintiff's limitations in the hypothetical question posed to the vocational expert. For the reasons set forth below, however, the Court disagrees that the ALJ erred in determining plaintiff to be not disabled, and therefore finds defendant's decision to deny benefits should be affirmed.

ORDER - 2

DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must

ORDER - 3

I.  The ALJ's Evaluation of the Medical Evidence in the Record

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Commissioner of the Social Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in

---

> scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

ORDER - 4

the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson,* 359 F.3d at 1195; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149. "In order to discount the opinion of an examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, legitimate reasons that are supported by substantial evidence in the record." *Van Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing Lester, supra*, 81 F.3d at 831).

A.     *State agency consultants*

Plaintiff alleges that the ALJ erred in giving great weight to the state agency consultants because the state agency consultants did not provide sufficient reasoning for not relying on evidence contained in the record. *See* Dkt. 14, p. 7. The ALJ gave great weight to the opinions of state agency consultants Gary Nelson, Ph.D. and Robert Hoskins, M.D. because the opinions

ORDER - 5

were supported by the medical evidence, the doctors reviewed the record, and the doctors have a familiarity with the disability program. AR 28. Plaintiff does not assert that the ALJ's reasons for giving great weight to the opinions of Dr. Nelson and Dr. Hoskins were error; rather, plaintiff disagrees with the unfavorable opinions of Dr. Nelson and Dr. Hoskins. *See* Dkt. 14. A review of the opinions of Dr. Nelson and Dr. Hoskins show that the doctors reviewed the medical evidence, provided explanation for the weight given to the medical opinions from Dr. Louis Enkema, M.D. and the Puyallup Valley Community Services Office, and provided their opined limitations. AR 82-96, 130-146. Plaintiff has failed to show why the ALJ's assessment regarding these opinions was unreasonable and the Court finds no error. Thus, plaintiff's argument is unpersuasive.

B.   *Treating and examining physicians*

Plaintiff asserts that the opinion of treating physician Robert Alston, M.D. should have been given great weight. *See* Dkt. 14, p. 18. Dr. Alston opined that he is unsure if plaintiff is capable of employment due to her significant depression. AR 521. The ALJ gave little weight to this opinion because it is conclusory, provided very little explanation of the evidence relied on, and because the opinion rests on an assessment of impairments outside Dr. Alston's expertise. AR 27. Plaintiff does not challenge the ALJ's findings, but rather states that the opinion should be given great weight because Dr. Alston cites to a Zung Inventory score and because it is consistent with plaintiff's described mental health impairments. *See* Dkt. 14, p. 18.

The records show that in February of 2010 plaintiff presented to Dr. Alston as mildly depressed and anxious. AR 528-29. On May 26, 2010, plaintiff presented as tearful and depressed. AR 520-21. The treatment notes state that plaintiff scored an 81 on the Zung Inventory, which places her in the severe to extreme depression category. AR 521. Dr. Alston's

ORDER - 6

treatment records do not contain the Zung Inventory, only the score. *See* AR 521. Dr. Alston's notes show only an unsubstantiated Zung Inventory score and plaintiff's depressed presentation as information he used in forming his opinion regarding plaintiff's employment capabilities. Accordingly, the ALJ's finding that Dr. Alston's opinion is conclusory, with very little explanation of the evidence relied on is specific and legitimate and supported by substantial evidence, and is independently sufficient to uphold the ALJ's decision. *See Batson*, 359 F.3d at 1195 (an ALJ need not accept the opinion of a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings or by the record as a whole).

Plaintiff also appears to assert generally that the ALJ erred by providing only conclusory reasons for the weight given to the medical opinions of treating and examining physicians and psychologists. *See* Dkt. 14, pp. 11, 18-20. Plaintiff also alleges that the ALJ "barely even mentioned plaintiff's depression and anxiety." *Id.* at p. 18.

The ALJ did not simply state the weight given to each medical opinion. The ALJ identified specific evidence in the record that he found to be consistent or inconsistent with each opinion. *See* AR 26-29. Further, the ALJ significantly discussed plaintiff's mental health treatment, and cited to every medical record identified by plaintiff. *See* AR 23-25; Dkt. 14, pp. 18-20. Plaintiff has not identified any evidence the ALJ failed to discuss, and has not provided specific arguments as to why the ALJ's evaluation of the medical evidence is not supported or contains legal error. *See Carmickle*, 553 F.3d at 1161 n. 2. After a review of the record, there also does not appear to be any error on the part of the ALJ.

C.    *Other medical sources*

Evidence from "other medical" sources, that is, lay evidence, can demonstrate "the severity of the individual's impairment(s) and how it affects the individual's ability to function."

ORDER - 7

SSR 06-03p, 2006 WL 2329939, *2 (Aug. 9, 2006). The Social Security Administration has recognized that with "the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not 'acceptable medical sources,' . . . have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists." *Id.* at *3. Therefore, according to the Social Security Administration, opinions from other medical sources, "who are not technically deemed 'acceptable medical sources' under our rules, are important, and should be evaluated on key issues such as impairment severity and functional effects." *Id.* "[D]epending on the particular facts in a case, and after applying the factors for weighing opinion evidence, an opinion from a medial source who is not an 'acceptable medical source' may outweigh the opinion of an 'acceptable medical source,' including the medical opinion of a treating source." *Id.* at *5.

      Plaintiff appears to contend that the ALJ erred in giving great weight to treating advanced registered nurse practioner ("ARNP") Holly Torgerson because she is not an acceptable medical source. *See* Dkt. 14, p. 14. ARNP Torgerson opined that plaintiff could perform light work, stand and/or sit for eight hours in an eight hour workday, lift twenty pounds occasionally, and lift five pounds frequently. AR 28, 906, 908. The ALJ gave this opinion great weight because ARNP Torgerson is plaintiff's primary care provider, the opinion is consistent with ARNP Torgerson's observations, and the opinion is consistent with the medical evidence. AR 28.

      ARNP Torgerson had a treating relationship with plaintiff. The ALJ provided reasonable explanations for giving ARNP Torgerson's opinion great weight, and after weighing all the evidence, found factors that supported giving ARNP Torgerson more weight than other acceptable medical sources. Plaintiff's argument relies solely on the fact that ARNP Torgerson is not an acceptable medical source, and fails to show why the ALJ's finding was unreasonable. As

ORDER - 8

it is appropriate for the ALJ to give greater weight to "other sources", plaintiff has failed to show the ALJ erred in his consideration of ARNP Torgerson's opinion.

In contrast to arguing that the ALJ erred by giving great weight to ARNP Torgerson, plaintiff appears to contend that the ALJ erred by giving little weight to additional sources who were not deemed "acceptable medical sources". *See* Dkt. 14, p. 9. A review of the ALJ's decision shows that the ALJ provided a germane reason for giving little weight to each additional opinion that was not deemed an acceptable medical source. *See* AR 27-29. Plaintiff does not argue that the ALJ's reasons for giving little weight to the other medical sources were not germane. Accordingly, the Court finds no error.

II.     The ALJ's Assessment of Plaintiff's Credibility

Questions of credibility are solely within the control of the ALJ. *See Sample*, 694 F.2d at 642. The Court should not "second-guess" this credibility determination. *Allen*, 749 F.2d at 580. In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. *See id.* at 579. That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. *Tonapetyan*, 242 F.3d at 1148.

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester*, 81 F.3d at 834 (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834.

ORDER - 9

In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ also may consider a claimant's work record and observations of physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms. *See id.*

Here, the ALJ found plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, [plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment[.]" AR 22. The ALJ explicitly stated that he discounted plaintiff's credibility for five reasons: (1) plaintiff's allegations were inconsistent with the medical evidence; (2) plaintiff's daily activities were not limited to the extent one would expect; (3) plaintiff's criminal history of aggravated assault indicates her alleged exertional limitations may have been overstated; (4) despite allegations of symptoms and limitations preventing all work, plaintiff was able to vacation in Las Vegas; and (5) plaintiff's untruthfulness about her alcohol abuse lessens the persuasiveness of her allegations. AR 25-26. The ALJ provided evidence to support each finding. *See id.*

Plaintiff argues only that the ALJ erred in his assessment of plaintiff's activities of daily living. *See* Dkts. 14, p. 12; 21, pp. 3-4. Even if plaintiff is correct that the ALJ improperly assessed plaintiff's daily activities, the ALJ provided a number of other valid reasons that would independently support the adverse credibility determination. Thus, any error in the ALJ's reasoning as to credibility would be harmless. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

ORDER - 10

Plaintiff also cursorily asserts in her credibility argument that the ALJ failed to comply with his duty to develop the record. *See* Dkt. 14, p. 15. She fails to identify any particular portion of the record that required additional development, instead citing numerous cases without providing any relevant analysis. *Id.* The undersigned will not further address this argument in light of Plaintiff's failure to provide any analysis. *See generally Carmickle*, 533 F.3d at 1161 n.2 (declining to address issues not argued with any specificity).

III.     The ALJ's Assessment of Plaintiff's Residual Functional Capacity

A claimant's residual functional capacity ("RFC") assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. SSR 96-8p, 1996 WL 374184 *2. Residual functional capacity thus is what the claimant "can still do despite his or her limitations." *Id.* It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *See id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

Plaintiff appears to argue that the ALJ erred in finding that plaintiff was limited to light work with additional limitations because Dr. Enkema opined that plaintiff was limited to the sedentary exertion level. *See* Dkt. 14, pp. 17-18.

Dr. Enkema opined that plaintiff can stand for six hours in an eight hour workday, sit for six to eight hours in an eight hour workday, and lift more than twenty pounds occasionally and

ORDER - 11

twenty pounds frequently. AR 746. A day later, Dr. Enkema opined that plaintiff was limited to sedentary work. AR 917. The ALJ gave Dr. Enkema's opinion little weight because the demands of sedentary work are inconsistent with his opined sitting, standing, and lifting restrictions. AR 27. Plaintiff provides no argument asserting that the ALJ's assessment of Dr. Enkema's opinions was unreasonable. *See* Dkts. 14, 21. As plaintiff has failed to articulate any error showing the ALJ's finding was unreasonable, the Court finds plaintiff's argument unpersuasive. *See Morgan*, 169 F.3d at 599. Accordingly, the Court concludes that plaintiff failed to establish that the ALJ erred in the RFC determination.

IV.     The ALJ's Findings at Step Five

If a claimant cannot perform his or her past relevant work, at step five of the disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *See Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e), § 416.920(d), (e).  The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids"). *Tackett*, 180 F.3d at 1100-1101; *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000).

An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ. *See Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *See Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record." *Id.* (citations omitted).  The ALJ, however, may omit from that description those limitations he or she finds do not exist. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

ORDER - 12

At the hearing, the ALJ posed a hypothetical question to the vocational expert containing substantially the same limitations as were included in the ALJ's assessment of plaintiff's residual functional capacity. *See* AR 74-76. In response to that question, the vocational expert testified that an individual with those limitations – and with the same age, education and work experience as plaintiff – would be able to perform other jobs. *See id*. Based on the testimony of the vocational expert, the ALJ found plaintiff would be capable of performing other jobs existing in significant numbers in the national economy. *See* AR 29-30.

Plaintiff states that the ALJ's hypothetical question does not reflect all of plaintiff's limitations; however, plaintiff fails to identify any excluded limitations. *See* Dkt. 14, pp. 20-21. As the hypothetical question included all the limitations contained in the RFC, the ALJ did not err.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ properly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is AFFIRMED.

DATED this 24th day of February, 2015.

Karen L. Strombom
United States Magistrate Judge

ORDER - 13